United States District Court
Southern District of Texas
**ENTERED**
October 10, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHAWN BARNES | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-25-3180 |
| | § | |
| TRANS UNION LLC, AND | § | |
| EXPERIAN INFORMATION | § | |
| SOLUTIONS, INC., | § | |
| | § | |
| Defendants. | § | |
| | § | |

## ORDER

Pending before the Court is Defendant Trans Union, LLC's Motion to Dismiss Plaintiff's Complaint (Document No. 11). Having considered the Defendant's motion, submissions, and applicable law, the Court determines that the Defendant's motion should be granted.

## I. BACKGROUND

This is a matter arising under the Federal Fair Credit Reporting Act ("FCRA"). *Pro se* Plaintiff Shawn Barnes ("Barnes") brings suit against Defendant Trans Union, LLC ("Trans Union"), a nation-wide consumer reporting agency. Barnes alleges that Trans Union violated the FCRA by failing to "ensure maximum

possible accuracy."[1] Barnes further alleges that Trans Union allowed his "consumer report to be accessed by persons without a permissible purpose and failed to give [Barnes] the procedure used to reinvestigate/verify."[2]

Based on the foregoing, on July 7, 2025, Barnes filed suit, *pro se*, in this Court pursuant to federal question jurisdiction, alleging violations of the FCRA. Barnes also seeks $75,000.00 for "actual damages, statutory damages, emotional distress, mental anguish, economic loss and punitive damages."[3] On September 15, 2025, Trans Union filed a motion to dismiss for failure to state a claim upon which relief can be granted.

## II. STANDARD OF REVIEW

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than . . . 'labels and conclusions.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl.*

---

[1] *Plaintiff's Complaint*, Document No. 1 at 4.

[2] *Plaintiff's Complaint*, Document No. 1 at 4.

[3] *Plaintiff's Complaint*, Document No. 1 at 4.

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555).

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breeches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 558).

### III. LAW & ANALYSIS

Trans Union move to dismiss Barnes's complaint, contending that Barnes fails to state a claim upon which relief can be granted. Trans Union further contends that Barnes fails to allege a specific inaccuracy in Trans Union's decision to report Barnes information to a third party, a requirement for a case brought pursuant to the FCRA. The Court construes all *pro se* filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In doing so, the Court will consider whether Barnes claims against Trans Union state a claim upon which relief can be granted.

The FRCA sets forth the procedures a consumer reporting agency must follow when a consumer disputes the accuracy of information in the consumer's file. A consumer file is composed of "all of the information on that consumer recorded and retained by a consumer reporting agency regardless of how the information is stored." 15 U.S.C. § 1681a(g). Generally, an item of information is "inaccurate" within the meaning of the FCRA "either because it is patently incorrect, or because it is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." *Sepulvado v. CSC Credit Servs., Inc.*, 158 F.3d 890, 895 (5th Cir. 1998) (citing *Pinner v. Schmidt*, 805 F.2d 1258, 1262 (5th Cir. 1986)). To prevail on a claim based on Section 1681 of the FRCA, a plaintiff must adequately plead that the consumer reporting agency failed to provide a piece of information within the consumer file. *See Reyes v. Equifax Info. Servs., L.L.C.*, No. 24-40415, 2025 U.S. App. LEXIS 14672, at *12 (5th Cir. 2025); *see also Sepulvado v. CSC Credit Services, Inc.*, 158 F.3d 890, 895 (5th Cir. 1998).

Here, Trans Union contends that Barnes's complaint fails to allege: (1) specific inaccuracies in Trans Union's reporting; or (2) what third parties his consumer reports were allegedly sent to without a permissible purpose. The Court construes all *pro se* filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In doing so, the Court has independently examined Barnes's complaint. The Court notes that Barnes's sole allegations are that Trans Union did not follow reasonable

4

procedures to ensure maximum possible accuracy, and allowed Barnes's consumer report to be accessed by third parties.[4] The Court further notes that Barnes offers no factual allegations regarding: (1) which procedures were allegedly not followed; or (2) what third party allegedly received his consumer report. Even construing the complaint liberally, the Court finds that Barnes offers no plausible factual basis for his assertions. Given the Fifth Circuit's guidance that a Plaintiff must provide enough facts to state a claim for relief that is plausible on its face, the Court finds that Barnes's FCRA claims should be dismissed. Accordingly, considering there are no other claims pending against Trans Union, the Court finds that Trans Union's motion to dismiss should be granted.[5]

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Defendant Trans Union, LLC's Motion to Dismiss Plaintiff's Complaint (Document No. 11) is **GRANTED**. The Court further

**ORDERS** that Plaintiff Althea Nolan's claims against Trans Union, LLC are **DISMISSED**. The Court further

---

[4] *Plaintiff's Complaint*, Document No. 1 at 4.

[5] Considering the Court's determination that Defendant Trans Union, LLC's motion to dismiss should be granted, the Court finds that Defendant Trans Union, LLC's motion to stay pending ruling on its motion to dismiss should be denied as moot.

5

ORDERS that Defendant Trans Union, LLC's Motion to Stay Pending Ruling On its Motion to Dismiss is **DENIED AS MOOT**.

SIGNED at Houston, Texas, on this __9__ day of October, 2025.

                                                          _____
                                                          DAVID HITTNER
                                                          United States District Judge